# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| DUNCAN E. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 11-2199 |
| IL DEPT. OF EMPLOYMENT SECURITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Duncan E. Simpson filed his Complaint (#1) against the Illinois Department of Employment Security on August 21, 2011. He claims to have been the subject of disability discrimination. On November 14, 2011, Defendant filed a Motion to Dismiss (#11) which is supported by a Memorandum of Law in Support of Defendant's Motion to Dismiss (#12). The Clerk of the Court sent Plaintiff a Notice (#13) that a case dispositive motion had been filed. Plaintiff was notified therein of the requirement to respond to the motion within 14 days.[1] Nothing in the record indicates that either the Defendant's filings or the Court's Notice were returned as undeliverable. Plaintiff has not filed a response.

Defendant asserts that the Complaint should be dismissed on two bases. First, Defendant argues that Plaintiff has failed to comply with the requirements of notice pleading in that he has plead insufficient facts to put Defendant on notice of the claim. Secondly, Defendant points out that Plaintiff failed to exhaust his administrative remedies through the Equal Employment Opportunity Commission (hereinafter "EEOC").

With respect to the first basis, a review of the Complaint reveals that the allegations are somewhat sketchy. However, the Court should have some patience with pro se litigants and their

---

[1] The Notice contains the following statement: "If you do not respond, the motion, if appropriate shall be granted and the case will be terminated without a trial."

limited drafting skills. Any defects could be cured by granting Plaintiff leave to file an amended complaint.

The second basis provides a more significant problem for the Plaintiff. There is no allegation that a charge was ever filed with the EEOC. No right to sue letter is referenced in or attached to the Complaint. Defendant is correct that Plaintiff cannot pursue the claim in this case unless he has first exhausted his administrative remedies. Failure to exhaust is a proper basis for dismissal. The authority cited by Defendant is controlling and mandates dismissal.

Accordingly, I recommend pursuant to my authority under 28 U.S.C. § 636(b)(1)(B) that the Motion to Dismiss **(#11)** be **GRANTED** and Plaintiff's Complaint be dismissed. Given the basis for dismissal, the case should be terminated.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 3rd day of February, 2012.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE