UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DUNCAN E. SIMPSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 11-CV-2199 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| EMPLOYMENT SECURITY, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Plaintiff's Motion to File Amendment (#18). Because Plaintiff did not file objections to the Report and Recommendation (#15) filed by Magistrate Judge David G. Bernthal, he waived any challenge to the Report and Recommendation. Therefore, his Motion to File Amendment (#18) is DENIED.

## BACKGROUND

On August 22, 2011, Plaintiff, Duncan E. Simpson, filed a pro se Complaint (#1) against Defendant, Illinois Department of Employment Security. Plaintiff alleged that he was discriminated against because of his disability, "sleep apnea," which caused him to be written up and disciplined for sleeping on the job. On November 14, 2011, Defendant filed a Motion to Dismiss (#11) and a Memorandum in Support (#12). Defendant stated that it assumed that Plaintiff's action was brought pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq. Defendant argued that Plaintiff failed to state a claim upon which relief can be granted because he did not allege sufficient facts to raise even a reasonable inference that Defendant is liable under the ADA. Defendant noted that

Plaintiff pleaded only that he was disciplined for sleeping on the job. Defendant also argued that Plaintiff failed to exhaust administrative remedies as required by the ADA, noting that Plaintiff's Complaint does not reflect that Plaintiff filed a charge with the EEOC, nor did he attach a "Right to Sue" letter to the Complaint.

A Notice (#14) was sent to Plaintiff on November 14, 2011. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (motion to dismiss) has been filed. See Fed. R. Civ. Pl 12(b)(6) . . . . Please be advised that you have **fourteen (14)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, shall be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulker, 689 F.2d 100 (7th Cir. 1982); Timms v. Frank, 953 F.2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(B).

Plaintiff did not file a response to the Motion to Dismiss.

On February 3, 2012, more than two months after Plaintiff's response to the Motion to Dismiss was due, a Report and Recommendation (#15) was filed by Magistrate Judge David G. Bernthal. Judge Bernthal stated that a review of Plaintiff's pro se Complaint revealed that the allegations were somewhat sketchy. Judge Bernthal noted, however, that the court should have some patience with pro se litigants and their limited drafting skills.

Judge Bernthal then stated that the second basis for the Motion to Dismiss provided a more significant problem for Plaintiff. Judge Bernthal stated:

> There is no allegation that a charge was ever filed with the EEOC. No right to sue letter is referenced in or attached to the Complaint. Defendant is correct that Plaintiff cannot pursue the claim in this case unless he has first exhausted his administrative remedies. Failure to exhaust is a proper basis for dismissal. The authority cited by Defendant is controlling and mandates dismissal.

Judge Bernthal therefore recommended that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed. Judge Bernthal also stated that the parties were advised that "any objection to this recommendation must be filed in writing with the Clerk within 14 days after being served with a copy of this Report and Recommendation." He stated that "[f]ailure to object will constitute a waiver of objections on appeal," citing <u>Video View, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986). Plaintiff did not file any objections to the Report and Recommendation.

On February 22, 2012, this court entered an Order (#16). This court stated that more than 14 days had elapsed since the filing of the Report and Recommendation and no objections had been made. This court therefore accepted Judge Bernthal's Recommendation. Accordingly, Defendant's Motion to Dismiss (#11) was granted and Plaintiff's Complaint (#1) was dismissed. The case was terminated.

3

On March 20, 2012, Plaintiff filed a Motion to File Amendment (#18). Plaintiff stated:

> I would like the court to grant me 30 days time to try and obtain counsel and to re-file my claim of Disability Discrimination; it would seem that my letter from the EEOC granting me the right to seek justice was not a part of my original claim. See attachment dated July 12, 2011. It was stated by the States Attorney's office that I neglected to exhaust all options to rectify the situation which is false.

Plaintiff attached a copy of a charge of discrimination he filed with the EEOC on July 12, 2011 claiming disability discrimination. Plaintiff did not attach a copy of a Notice of Right to Sue and provided no explanation for his failure to respond to Defendant's Motion to Dismiss or his failure to file objections to Judge Bernthal's Report and Recommendation.

On April 3, 2012, Defendant filed its Response to Plaintiff's Motion to File Amendment (#19). Defendant argued that Plaintiff's untimely Motion should be denied. Defendant noted that Plaintiff failed to respond to the Motion to Dismiss and failed to file objections to the Report and Recommendation. Defendant further noted that it was still unknown whether Plaintiff requested or received a right-to sue letter and, without a right to sue letter, Plaintiff could not pursue his claim.

ANALYSIS

When a party is informed that waiver will follow from the failure to file objections

to a Report and Recommendation, the party "waives the right to contest a magistrate judge's conclusions, both factual and legal, by not presenting an objection to the district court." Tumminaro v. Astrue, ___ F.3d ___, 2011 WL 5301607, at *3 (7th Cir. 2011), citing 28 U.S.C. § 636(b)(1)(B), (C); Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 516 (7th Cir. 2007); Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); see also Am. Acceptance Co. LLC v. Goldberg, 2008 WL 2074128, at *1 (N.D. Ind. 2008) (parties waive any right to challenge a Report and Recommendation when they fail to file timely objections).

In this case, Judge Bernthal's Report and Recommendation informed Plaintiff that he had 14 days to file objections to the Report and Recommendation and that "[f]ailure to object will constitute a waiver of objections on appeal," citing Video View, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986). Plaintiff did not file objections and this court accepted the Report and Recommendation. This court therefore accepted Judge Bernthal's conclusion that Plaintiff's failure to exhaust administrative remedies warranted dismissal of Plaintiff's case. This court concludes that, by failing to file objections to Judge Bernthal's Report and Recommendation, Plaintiff has waived any right to challenge Judge Bernthal's recommendation and this court's Order accepting the Report and Recommendation. This court further agrees with Defendant that Plaintiff has not shown that he exhausted his administrative remedies and should be allowed to amend his Complaint.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to File Amendment [18] is DENIED.

ENTERED this 4th day of April, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE